UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MIGUEL ENRIQUE ASCENCIOS, | Case No. 4:25-cv-1720 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Reuben J. Sheperd |
| IAN M. HEALY, Warden, | |
| Defendant. | |

### OPINION AND ORDER

Plaintiff Miguel Enrique Ascencios, an inmate currently incarcerated at FCI Elkton, filed this action without a lawyer against Ian M. Healy, the prison's warden. Plaintiff claims that Defendant improperly denied him access to the Federal Bureau of Prisons Trust Fund Limited Inmate Computer System ("TRULINCS"). He alleges that the Fifth Amendment's Equal Protection Clause and the Bureau of Prisons' guidelines "prohibit discrimination against individuals or groups." (*Id.*, PageID #6.) He seeks an order granting him access to email.

### BACKGROUND

The Federal Bureau of Prisons allows inmates to have limited access to computer services through TRULINCS. Although inmates do not have access to the Internet, they are able to use TRULINCS to monitor their inmate trust accounts, send internal communications to prison staff, and use messaging services, including email, to communicate with others outside of the prison. *See* BOP Program

Statement 4500.12, § 14.1 pg. 126. By participating in the TRULINCS program, inmates consent to having all of their activity, including email and transactional data, monitored and retained by prison personnel. Emails may only be exchanged with authorized contacts, and they can be rejected by prison staff if they are deemed to jeopardize the safety of the institution or the public. *See* BOP Program Statement 4500.12, § 14.3(d) pg. 127. Inmate use of TRULINCS is a privilege, and the warden or associate warden may deny an inmate access to all or any part of it. The BOP encourages wardens to provide all inmates with access to TRULINCS terminals due to its self-service nature. *See* BOP Program Statement 4500.12, § 14.9 pg. 130.

Plaintiff contends that he previously had full access to TRULINCS email before access was "suddenly terminated," and the Warden provided "no factual basis" for the termination. (ECF No. 1, PageID #3 & #5.) Documents attached to Plaintiff's *in forma pauperis* application demonstrate that Plaintiff appealed the Warden's decision through the BOP's administrative remedy system, and each appeal was denied. (*See* ECF No. 2-4; ECF No. 2-6.) Plaintiff claims that he had no email-related disciplinary issues warranting denial, yet other inmates, including drug dealers and sex offenders with serious contact offenses, still have access to TRULINCS email. Plaintiff alleges that Defendant has provided no explanation for this disparity, and he appears to allege that this disparate treatment violates his equal protection rights. (*Id.*, PageID #5–6.)

## GOVERNING LEGAL STANDARD

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2). By separate order, the Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an

unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Upon review, the Court finds that Plaintiff's complaint, even liberally construed, fails to state to a plausible claim upon which the Court may grant relief and warrants dismissal under Section 1915(e)(2).

Plaintiff filed this civil rights complaint against a federal employee; therefore, he brings this action is pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (affirming a ruling construing a complaint as a *Bivens* action where the plaintiff alleged that he was deprived of a right secured by persons acting under color of federal law).

In *Bivens*, the Supreme Court recognized an implied cause of action against federal officials acting under color of federal law in three narrow circumstances: (1) a Fourth Amendment search and seizure (in *Bivens* itself); (2) sex discrimination in violation of the Fifth Amendment (in *Davis v. Passman*, 442 U.S. 228 (1979)); and

(3) cruel and unusual punishment under the Eighth Amendment (in *Carlson v. Green*, 446 U.S. 14 (1980)). *See Ziglar v. Abbasi*, 582 U.S. 120 (2017). Expanding *Bivens* remedies to other causes of action is "'disfavored.'" *Id.* at 135 (quoting *Iqbal*, 556 U.S. at 675). "'[I]n all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts.'" *Goldey v. Fields*, 606 U.S. 942, 942 (2025) (quoting *Egbert v. Boule*, 596 U. S. 482, 486 (2022)).

Plaintiff's complaint alleges claims in a new context not previously recognized under *Bivens*. Therefore, the Court must consider whether *Bivens* should be extended to this new context. If presented with a new context, then a court must determine whether "'special factors counsel[] hesitation' in recognizing the new claim." *Callahan v. Federal Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020) (quoting *Ziglar*, 582 U.S. at 139). Such factors include whether existing legislation governs the issue, whether Plaintiff has adequate alternative remedies available to him, and whether recognizing a new claim would "interfer[e] with the authority of the other branches and whether the judiciary can competently weigh the costs and benefits at stake." *Id.* (citing *Ziglar*, 582 U.S. at 136, 143; *Hernandez v. Mesa*, 589 U.S. 93, 108 (2020)).

The Court concludes that an extension of *Bivens* is not warranted here. First, Congress passed the Prison Litigation Reform Act of 1995, which limits the scope of remedies available to prisoners. *See Ziglar*, 582 U.S. at 148-49. The Act does not provide for a standalone damages remedy, which "suggests Congress chose not to extend the . . . damages remedy to cases involving other types of prisoner

5

mistreatment." *Id.* Additionally, "when alternative methods of relief are available, a *Bivens* remedy usually is not." *Id.* at 145. Plaintiff had alternative remedies available to him under the BOP's administrative remedy program, which he, in fact, exhausted. Finally, the task of running a prison falls within the province of the executive branch. *Turner v. Safley*, 482 U.S. 78, 84–85 (1987). "Given the array of challenges facing prison administration and the complexity of those problems," separation of powers concerns "counsel in favor of the judiciary not creating new causes of action[.]" *Callahan*, 965 F.3d at 524 (declining to extend *Bivens* to a First Amendment claim).

For these reasons, the Court declines to extend *Bivens* to Plaintiff's purported equal protection claim concerning the denial of his access to email through the TRULINCS system. *See Galpin v. Healy*, No. 4:25-cv-1566, 2025 WL 2959624, 2025 U.S. Dist. LEXIS 205821 (N.D. Ohio Oct. 20, 2025) (dismissing equal protection claim concerning access to TRULINCS email because it is not a recognized *Bivens* claim); *McConnell v. Healy*, No. 4:25-cv-00755, 2025 WL 2969333, 2025 U.S. Dist. LEXIS 206830 (N.D. Ohio Oct. 21, 2025) (stating that the plaintiff's equal protection claim for the denial of TRULINCS email is not a recognized *Bivens* claim).

Accordingly, Plaintiff fails to state a claim upon which the Court may grant relief.

## CONCLUSION

For these reasons, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: November 24, 2025

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio